HOLLOWAY *et al.* *v.* HOLLOWAY.

Where a widow in 1874 applied for and had set apart a homestead in the lands of her deceased husband for the benefit of herself and the minor children of her husband, the children, after they arrive at age, are not entitled, in a suit against her, to recover their parts of the land, she being still a widow. The principle that the homestead right continues as against creditors was ruled in *Groover* v. *Brown*, 69 *Ga.* 60. The same principle applies as between beneficiaries of the homestead.          *Judgment affirmed.*

March 20, 1893. Argued at the last term.

Equitable petition. Before Judge BOYNTON. Upson superior court. July term, 1892.

The case made by the petition of J. J. Holloway, executor of R. S. Holloway, against Susan Holloway, the widow, was formerly before the Supreme Court, and the decision thereof is reported in 86 *Ga.* 576. After that decision, the petition was amended by making all the

living children of the testator parties complainant, and setting forth the item of the will directing that when the youngest child arrived at age, the whole estate should be equally divided among the legatees, either by sale or division in kind, according to the decision of a majority of them.  This amendment alleged that all the debts of the estate had long since been paid or barred by lapse of time, and that the executor should be allowed to proceed, the homestead claimed by the widow, in the absence of debts and under the terms of the will, being no longer of force.  Plaintiffs prayed that they might recover the land and the rents and profits from the year 1885 (when the youngest child attained majority), and that the executor be allowed to sell the land for distribution among the legatees.  Defendant moved to dismiss the petition as amended, on the ground that her homestead right had not expired.  On the hearing of this motion counsel consented that the record of the homestead proceedings as amended, should be considered.  The court ruled that the complainants who were minors when the homestead was set apart were not entitled to recover their interest in the homestead property so long as the widow was in life and remained unmarried, but directed a verdict in favor of the complainants who were adults when the homestead was set apart.

The original petition of Mrs. Holloway for a homestead alleged, that she was the head of a family consisting of five named minor children, and that she desired, under the provisions of the constitution, and the act of October 3, 1868, to have set apart a homestead for the use of her said family out of land described, etc.  The date of the ordinary's approval was January 13, 1874.  On September 10, 1888, Mrs. Holloway filed a petition to the ordinary, alleging that in 1874 she made application for homestead out of the property of R. S. Holloway for the

benefit of herself and the five minors before named, which application was passed upon and the homestead allowed and set apart on January 13, 1874; that in the petition for homestead it was not set out clearly out of whose property the homestead was taken, and petitioner desired to amend the same by adding that the homestead was asked for as the head of a family out of the property of her husband, R. S. Holloway, whose children the minors were; and that said homestead had not expired. She prayed that citation issue touching this application, that the executor of R. S. Holloway be notified thereof, and that the amendment be allowed. The question made by this petition, after notice published and written notice to the executor, was appealed to the superior court by consent of the parties, where, at the July term, 1890, after hearing, it was ordered that the amendment prayed for be allowed.

J. A. COTTEN and A. M. SPEER, for plaintiffs.

HALL & HAMMOND and B. L. TISINGER, for defendant.